IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| | ) | **C O M P L A I N T** |
| v. | ) ) | |
| Jewel Food Stores, Inc, and Supervalu, Inc., | ) ) ) ) | |
| Defendants | ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The Equal Employment Opportunity Commission ("EEOC") alleges that in 2004 Jewel Food Stores, Inc. violated the Americans with Disabilities Act of 1990 by failing to accommodate the disability of John McMaster and demoting him because of his disability. Supervalu, Inc. is now the parent of Jewel Food Stores, Inc.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and § 20000e-6.

2. The employment practices alleged to be unlawful were committed within the State of Illinois.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3)(A), 42 U.S.C. § 2000e-5(f)(1) and (3)(A).

4. At all relevant times Jewel Food Stores, Inc. was doing business in the State of Illinois and had at least 15 employees.

5. At all relevant times, Jewel Food Stores, Inc. was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Jewel Food Stores, Inc. was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. Supervalu, Inc. acquired Jewel Food Stores, Inc. on about June 2, 2006 and is now the parent corporation of Jewel Food Stores, Inc.

8. At all relevant times, Supervalu, Inc. was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

9. At all relevant times, Supervalu, Inc. was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, John McMaster filed a Charge of Discrimination with the EEOC alleging violations of Title I of the ADA by Jewel Food Stores, Inc. All conditions precedent to the institution of this lawsuit has been fulfilled.

11. Defendant Jewel Food Stores, Inc. failed to provide John McMaster a reasonable accommodation for his learning disability by failing to provide him appropriate training when it promoted him to be a night crew clerk in August 2004, and when it transferred him to the produce clerk position in September, 2004. Defendant Jewel Food Stores, Inc. demoted John McMaster to the front end clerk position in October 2004 because of his disability. These actions took place in Defendant's store at 17117 South Harlem in Tinley Park, Illinois. These actions violated Sections 102(a) and, 102 (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112 (b)(5)(A).

12. The effect of the practices complained of in paragraph 11 above has been to

deprive John McMaster of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

13. The unlawful employment practices complained of in paragraph 11 above were intentional.

14. The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of John McMaster.

15. Supervalu, Inc. is now the parent of Jewel Foods, Inc.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them from engaging in employment practices which discriminate on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices.

C. Order Defendants to make whole John McMaster, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices.

D. Order Defendants to make whole John McMaster by providing compensation for past and future pecuniary losses resulting from unlawful employment practices.

E. Order Defendants to make whole John McMaster by providing compensation for non-pecuniary losses resulting from unlawful practices, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay John McMaster punitive damages for malicious and reckless conduct, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 "L" Street, N.W.
        Washington, D.C. 20507


        /s/ John C. Hendrickson
        John C. Hendrickson
        Regional Attorney


        /s/ Gregory Gochanour
        Gregory Gochanour
        Supervisory Trial Attorney


        /s/ Gordon Waldron
        Gordon Waldron
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        500 West Madison Street, Suite 2000
        Chicago, Illinois 60661
        312-353-7525